**Abdul HOWLADER, Petitioner,**

v.

**IMMIGRATION AND NATURALIZATION SERVICE, Through Alberto Gonzales,\* United States Attorney General, Respondent.**

**No. 03–4076.**

United States Court of Appeals, Second Circuit.

May 18, 2005.

David A. Bowen, Bowen & Melbourne, LLC, New York, NY, for Petitioner.

Annemarie E. Roll, Office of Immigration Litigation (Peter D. Keisler, Assistant Attorney General, Civil Division; Linda S. Wernery, Senior Litigation Counsel, Office of Immigration Litigation, on the brief), U.S. Department of Justice, Washington, DC, for Respondent.

Present: WALKER, Chief Judge, SACK, and RAGGI, Circuit Judges.

### SUMMARY ORDER

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the order of the Board of Immigration Appeals is **AFFIRMED,** and the petition for review is **DENIED.**

Petitioner Abdul Howlader seeks review of a December 13, 2002, Board of Immi-

---

\* Alberto Gonzales is substituted for his predecessor, John Ashcroft, as Attorney General of the United States. *See* Fed. R.App. P. 43(c)(2).

gration Appeals ("BIA") order affirming the July 2, 2001, decision of an Immigration Judge ("IJ") denying Howlader's application for asylum, withholding of removal, and relief under the United Nations Convention Against Torture and Other Cruel, Inhuman or Degrading Treatment or Punishment. In his petition, Howlader argues that the BIA erred in upholding the IJ's findings that his claims of past persecution and torture were not credible and that he had not demonstrated a well-founded fear of persecution so as to qualify for asylum. Howlader also argues that the BIA acted improperly in affirming the IJ's decision without opinion and that it used the wrong standard of review in refusing to grant Howlader relief. Familiarity with the facts and procedural history is assumed. We affirm the BIA order and deny Howlader's petition.

Where the BIA has adopted the reasoning of the IJ or affirmed without opinion, we may review the IJ opinion directly. *See Secaida–Rosales v. INS*, 331 F.3d 297, 305 (2d Cir.2003). We review the IJ's factual findings regarding eligibility for asylum and withholding of removal under a "substantial evidence" standard, *see id.* at 306–07, upholding them where "supported by reasonable, substantial, and probative evidence on the record considered as a whole," *Diallo v. INS*, 232 F.3d 279, 287 (2d Cir.2000) (internal quotation marks omitted). Pursuant to this standard, where a petitioner challenges the sufficiency of the IJ's factual findings, we will "reverse only if no reasonable fact-finder could have failed to find the past persecution or fear of future persecution necessary to sustain the petitioner's burden." *Id.* We accord "particular deference" to the IJ's credibility determinations. *Chen v. INS*, 344 F.3d 272, 275 (2d Cir.2003) (internal quotation marks omitted).

The IJ rejected Howlader's claims based on numerous contradictions in Howlader's 1997 asylum application, a later addendum to that application, and his testimony before the IJ. In his initial application, Howlader claimed to have been arrested by the Bangladeshi police in January 1991 and then detained for over three weeks. Howlader testified, however, that this arrest had occurred in March 1991 and that he had been detained for only two days. In his application, Howlader claimed to have been arrested a second time in February 1991 and detained for two weeks; he asserted in the addendum to his application and in testimony before the IJ that this arrest occurred in February 1992 and lasted one month. Finally, in the addendum, Howlader claimed to have been arrested, along with six other Jatiya Party members, while attending a political meeting, and, while in jail, to have learned that a store he owned had been burned down. At the IJ hearing, however, Howlader asserted that he alone was arrested, while at his store, after it had been destroyed. These discrepancies, along with others cited by the IJ, were significant, and the IJ was entitled to rely on them in refusing to credit Howlader's claims that he had been tortured and persecuted. The IJ, moreover, was not required to accept Howlader's explanation that the discrepancies were the result of errors by a friend who helped him draft the application, when Howlader had made little, if any, effort to correct the professed errors prior to his hearing.

We have carefully considered Howlader's remaining arguments and find them to be without merit.

For the reasons set forth above, the decision of the Board of Immigration Appeals is hereby **AFFIRMED** and the petition for review is **DENIED**.